Kilty, C. J.
I shall not go at large into the reasons- which influence me as to the first question, because it may hereafter be a subject of discussion. But my present impressions are, that the .right is sufficiently clear.
With regard to the second point, I feel some difficulty to de *11 cide. An action on the case may possibly afford a remedy, but it is by no means clear that it will afford a specific remedy equivalent to the one now sought for, or commensurate with the right of the applicants.
Under this doubt, when I consider that a denial at this time will oblige the claimants to resort to a remedy that may not be effectual, and that by granting the mandamus nisi and de bene esse, open to all objections on the return, the Bank will not be concluded. My opinion is, that the rule should be made absolute for a mandamus to admit the Marine Insurance Company to subscribe the twenty-five shares prayed for, or to show the reasons why they are not admitted. This is also on the ground of the facts being by proof and admission sufficiently before the Court.
MaRShall, J., was of opinion that the rule ought to be discharged, without costs.
Cranch, J.
It does not appear to me that the right of the Insurance Company is sufficiently clear; and if they have the right, they have a legal remedy by action on the case adequate to a specific remedy; for if, on a trial at law, they establish their right, a jury will give them damages, which will enable them to purchase the shares at market; and the bank will be obliged to open their books again, or suffer the constant inconvenience of paying damages and costs to every person who wishes to become a subscriber. I am therefore for discharging the rule, but without costs.
In consequence of this opinion of the Court, the bank opened their books for subscription.